MARY MARTINEZ ROMERO V. STATE

No. 29,358. December 18, 1957.

*Lawrence Arnim,* Houston, for appellant.

*Dan Walton,* District Attorney, *Charles C. Castles* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for abortion; the punishment, three years in the penitentiary.

The complainant, a divorcee, testified that after she had engaged in several acts of intercourse in November, 1956, she missed her regular menstrual periods in the following months of December and January. On February 1, 1957, accompanied by a friend who had previosuly made an engagement, they went to the home of the appellant. Appellant, with complainant's consent, first inserted a hard rubber tube into her vagina, withdrawing and re-inserting it four or five times. Appellant then inserted a second rubber tube into the vagina of complainant. This tube, which was hollow and twelve or thirteen inches long and not as hard as the first, was left in the vagina and womb. Complainant then paid appellant $15 and went home, arriving about 5:15 p.m. About 7:00 p.m., the tube began coming out, and about 10:00 p.m., she became "pretty sick" and the tube came out along with a substance about the size of complainant's fist. The substance was then flushed through the commode and

the rubber tube was placed in the garbage. She further testified that she consulted a physician and later went to a hospital.

Complainant's companion testified that she arranged their visit with the appellant at her house, and when they arrived the appellant said to her, "I will take care of Hazel (complainant)," and she later saw the complainant pay the appellant $15.

Dr. Wilkerson testified that upon his examination of the complainant he found her in a critical condition due to an infection of her abdominal cavity caused by a perforation of the wall of the uterus; that her condition was caused by an interruption of pregnancy or abortion; and that the insertion of tubes into the vagina of a pregnant woman was in his opinion means calculated to produce an abortion. He further testified that he removed a specimen of tissue from the wall of the uterus of the complainant.

Dr. Leidler, a pathologist, testified that he examined specimens of tissue taken by Dr. Wilkerson from the complainant; that such examination shows that the complainant had been pregnant and had suffered an infection; and that his findings were consistent with pregnancy and a live fetus on February 1, 1957.

Appellant's written statement was introduced in evidence by the state. It shows that the complainant and her companion came to appellant's home, and that the companion told her that the complainant was pregnant. It further shows that the appellant inserted a "zonda" (catheter) into the private parts of the complainant.

Appellant did not testify nor offer any evidence in her behalf.

The court charged the jury on the law as applicable to circumstantial evidence.

The evidence is sufficient to warrant the jury's finding that the appellant is guilty as charged.

Error is urged because the state failed to properly identify and trace the custody of the specimens examined by Dr. Leidler.

Dr. Leidler's testimony is shown in narrative form in the statement of facts. It shows that he examined specimens of tissue taken by Dr. Wilkerson from the complainant and submitted

to him. No objections were made to such testimony as it appears in the statement of facts and the complaint is not brought forward by a formal bill. No error is shown.

The state's attorney exhibited a rubber tube to the complainant while she was testifying and she stated that the tube was similar to the one used by the appellant. Appellant's objection to such testimony was sustained and the tube was not offered in evidence. No error is reflected.

By formal bill of exception, appellant complains of certain jury argument which she sets out therein. The bill recites that she "objected to such argument for the reasons then stated," but the bill fails to show any of the reasons. It shows that the court sustained each objection and instructed the jury not to consider it and then overruled appellant's motions for mistrial. No error is shown by the bill.

The judgment of the trial court is affirmed.

Opinion approved by the Court.